UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:20-CV-00127-JMH-EBA

ALGER FERGUSON,                                                                                    PLAINTIFF,

V.            **REPORT AND RECOMMENDATION**

BRAD ADAMS,                                                                                        DEFENDANT.

*** *** *** ***

Alger Ferguson was convicted of murder, and sentenced life in prison on December 20, 2005. On appeal to the Kentucky Supreme Court his conviction was affirmed. *Ferguson v. Commonwealth*, No. 2006-SC-000156-MR, 2007 Ky. Unpub. LEXIS 87, at *5. Ferguson then moved for relief from his conviction and sentence pursuant to KY. R. CRIM. P. 11.42 alleging that he received constitutionally ineffective assistance of counsel at trial. *Ferguson v. Commonwealth*, No. 2016-CA-000788-MR, 2017 Ky. App. Unpub. LEXIS 939, at *1 (Ct. App. Nov. 9, 2017). The Lawrence County Circuit Court denied the motion. *Id.* Ferguson appealed, and the Kentucky Court of Appeals reversed the Circuit Court's decision, remanding the case for a new trial after finding that Ferguson received ineffective assistance of counsel. *Id.* However, the Kentucky Supreme Court reversed the Court of Appeals' decision and reinstated the Circuit Court's order denying Ferguson relief from his conviction and sentence. *Commonwealth v. Ferguson*, 581 S.W.3d 1, 9 (Ky. 2019). In doing so, the Kentucky Supreme Court summarized the case as follows:

> On August 9, 2003, Alger was at his home with his nephew, Parker Ferguson. The two had been shooting guns earlier in the day and had spent the evening drinking and smoking marijuana together. Parker suffered two gunshot wounds—one above his lip and another to his temple, which was fatal. Alger was the only other person in the home at the time. Alger called the police and, when they arrived on the scene, told them Parker had shot himself. A .40 caliber Browning semi-automatic pistol was on the floor next to Parker's body. According to the autopsy, the shot above

Parker's lip was taken from a distance of at least 18–24 inches away and would not have been immediately disabling. The contact wound to Parker's temple was immediately incapacitating. Alger was indicted for Parker's murder.

Alger was represented at trial by private attorney Leo Marcum. Two to three weeks prior to the start of trial, Alger informed Marcum that he would be representing himself. Before trial, Marcum obtained a competency evaluation for Alger. Then, the morning of trial, Alger informed Marcum that he wanted him to start the trial and he would step in at some point. That morning, Marcum was successful in having the trial court suppress certain evidence. During voir dire, Marcum told the court he only had one testifying witness—Alger. Alger complains that Marcum had neither consulted nor hired experts and that he did not find other witnesses to support his defense theory, which was that Parker's death was a suicide. Alger also complains that Marcum made no opening statement. However, in fact, Marcum did not fail to give an opening statement; rather, he reserved his opening statement until after the close of the Commonwealth's case. This is not uncommon trial practice among the criminal defense bar. Oftentimes, defense attorneys elect to hear the evidence presented against their clients prior to giving their opening statements. In this case, Marcum was uncertain at the beginning of trial if his client would testify to a believable fact pattern—and had been told by Alger in the weeks leading up to trial that Alger planned to represent himself.

The Commonwealth's witnesses included Kentucky State Police Detective Paul Cales, Coroner Keith Moore (who was also a retired KSP detective), and State Medical Examiner William Ralston. These witnesses testified regarding the investigation, blood spatter evidence, the firearm, and Parker's autopsy. Some family members also testified regarding Alger's behavior on the night of Parker's death. Marcum cross-examined each of the witnesses, though Alger now complains about the nature of said cross-examination. Alger now complains that Marcum did not object when the Commonwealth's witnesses testified as to their opinions concerning the capability of the firearm in question—and the Court of Appeals also made much ado of this point. However, we note that Marcum actually solicited the information about the firearm during his cross-examination—and that it was *beneficial* to Alger's defense as it supported the version of events to which he would later testify.

At the close of the Commonwealth's case, Alger moved to proceed pro se and the trial court granted his motion—with Marcum as stand-by counsel. Alger re-called some of his family members who had testified for the Commonwealth and cross-examined them and then testified on his own behalf. The jury convicted Alger and recommended a sentence of life imprisonment. The trial court sentenced him accordingly.

*Commonwealth v. Ferguson*, 581 S.W.3d 1, 4-5 (Ky. 2019).

Now, Ferguson petitions this Court to vacate his conviction pursuant to 28 U.S.C. § 2254. His sole claim is that he received ineffective assistance of counsel "during every critical stage" of his criminal trial in violation of his Sixth and Fourteenth Amendment rights under the United States

Constitution; and his Eleventh and Fourteenth Amendment rights under the Kentucky Constitution. [R. 1 at pg. 5]. Ferguson does not explain his argument, factually or legally, other than to simply say that his court-appointed counsel, Leo Marcum, "failed to prepare a case in chief for trial, and failed at every stage thereof to protect the movant[']s interests, and admits it." [*Id.*].

## MERITS OF § 2254 PETITION

Ferguson's § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which allows courts to grant habeas relief only when a state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). This standard is "difficult to meet" and "highly deferential," and thus "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 171 (2011) (internal citations omitted). Moreover, Ferguson carries the burden of proof. *Id.* at 181.

Here, Ferguson's petition only perfunctorily restates his ineffective assistance of counsel claim: Mr. Marcum was ineffective "during every critical stage" of his criminal case by "fail[ing] to prepare a case in chief for trial, and failed at every stage thereof to protect movant[']s interests, and admits it." [R. 1 at pg. 5]. He does not cite to, nor does he attempt to invoke, Supreme Court precedent which would compel this Court to refrain from giving the Kentucky Supreme Court the great deference that is owed under § 2254(d). This Court previously rejected a petition for federal habeas relief where "the fundamental fairness of trial has been extensively tested" and the petitioner relied upon "the broadest of Supreme Court precedent." *White v. White*, No. 5: 02-492-KKC, 2021 U.S. Dist. LEXIS 175852, at *257 (E.D. Ky. Sep. 16, 2021). In *White*, the petitioner

directly appealed his murder, robbery, and burglary convictions to the Kentucky Supreme Court. *White*, No. 5:02-492-KKC, at *14–15. The court affirmed White's convictions. Afterwards, the petitioner collaterally attacked his conviction and sentence pursuant to KY. R. CRIM. P. 11.42, which the trial court denied. The Kentucky Supreme Court affirmed the trial court's decision. *Id.* at *15. Subsequently, White petitioned the United States District Court, pursuant to 28 U.S.C. § 2254, to vacate his conviction and sentence. Reviewing the petitioner's discrete claims, the Court found that, because the Kentucky Supreme Court had denied the petitioner's allegation of prosecutorial misconduct on its merits, great deference to the Kentucky Supreme Court remained appropriate. *Id.* at *189 (referencing standard set forth in 28 U.S.C. § 2254(d)). But, even if such deference was not afforded, the Court concluded that petitioner failed to carry the "heavy burden" required of habeas petitioners. *Id.* In essence, the petitioner in *White* failed to demonstrate the conduct was "not merely improper, but so flagrant as to render his entire trial fundamentally unfair[,]" which was reason enough to reject the claims for federal habeas relief. *Id.* at *188–89. Just as in *White,* the constitutionality and fundamental fairness of Ferguson's conviction has been tested in state court through direct appeal and collateral proceedings. Even construing Ferguson's petition leniently, he further fails to allege that the Kentucky Supreme Court erred in the adjudication of his motion to vacate. Thus, deference to the Kentucky Supreme Court's decision regarding Ferguson's ineffective assistance of counsel claim is appropriate and should not be disturbed by this Court.

Similarly, in *Thacker v. Green*, this Court rejected several ineffective assistance of counsel claims when the petitioner did not offer "'clear and convincing evidence' to rebut 'the presumption of correctness' of the finding of the Kentucky Court of Appeals . . . ." *Thacker v. Green*, No. 19-125-GFVT-CJS, 2021 U.S. Dist. LEXIS 213574, at *25 (E.D. Ky. May 28, 2021). There, the petitioner appealed his conviction by challenging the admission of prior bad acts evidence and

challenged the trial court's application of his twenty-year sentence. The Kentucky Supreme Court affirmed the prior-bad-acts claim, but remanded to re-evaluate his sentence. Then, petitioner moved to vacate his conviction pursuant to KY. R. CRIM. P. 11.42, alleging ineffective assistance of counsel. The trial court denied the motion, the Kentucky Court of Appeals affirmed, and the Kentucky Supreme Court denied the petitioner's motion for discretionary review. *Id.* at *2–3. In his federal habeas petition, the petitioner made several perfunctory allegations that counsel was ineffective, including that (1) trial counsel failed to present evidence that he acted in self-defense or out of extreme emotional disturbance; (2) trial counsel failed to move a biased juror; (3) trial counsel instructed him to testify falsely. *Id.* at *14–25. Upon review of the § 2254 petition, this Court rejected all the claims of ineffective assistance and dismissed the petition because the petitioner "offer[ed] no developed argument on habeas review to explain why counsel was ineffective under Strickland[.]" *Id.* at *23. Simply put, "conclusory allegations" which "summarily allege[]" ineffective assistance of counsel do not suffice to nullify the state court's determination of the very same claim on the merits. *Id.* Here, Ferguson only summarily restates his ineffective assistance of counsel claim without factual or legal arguments which would compel the Court to disturb the state court's determination on the merits.

Furthermore, Ferguson has failed to allege facts "which, if true, would entitle [him] to federal habeas relief[,]" and thus is not entitled to an evidentiary hearing on his petition. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). As the deferential standard prescribed by § 2254 dictate whether to grant habeas relief, "a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* at 474 (citing *Totten v. Merkle*, 137 F.3d 1172, 1176 (1998)). Here, Ferguson has not stated sufficient facts to support his claim of ineffective assistance of counsel, or

that the Kentucky Supreme Court fundamentally erred in adjudicating his motion to vacate in state court. Thus, absent any additional legal or factual allegations which would support Ferguson's petition, the undersigned finds that an evidentiary hearing is not required.

### TIMELINESS OF § 2254 PETITION

Warden Adams argues that Ferguson's petition should be dismissed as untimely because it was filed after the expiration of the statute of limitations for § 2254 petitions. [R. 14 at ⁋ 7]. The AEDPA prescribes a one-year statute of limitations within which one may file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). In this case, the applicable provision provides that the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.". *Id.* § 2244(d)(1)(A). This one-year period of limitations may be tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Ferguson's conviction has only been subject to direct review once when he appealed to the Kentucky Supreme Court as a matter of right in April 2006. The Kentucky Supreme Court issued its opinion affirming the Lawrence County Circuit Court on December 20, 2007. *See Ferguson v. Commonwealth*, No. 2006-SC-000156-MR, 2007 Ky. Unpub. LEXIS 87, at *2–5 (Dec. 20, 2007). For the purposes of § 2244(d)(1)(A), "the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court." *Davis v. Prelesnik*, No. 07-CV-12387, 2008 U.S. Dist. LEXIS 37164, at *5 (E.D. Mich. May 7, 2008) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283–84 (6th Cir. 2000)). "Under Rule 13 of the Supreme Court

Rules, a petition for a writ of certiorari [must be filed] with the Clerk of this Court within 90 days after entry of judgment." *Id.* (citing SUP. CT. R. 13). Importantly, the Sixth Circuit has held that "date of the entry of the judgment or order" under Supreme Court Rule 13.3 "refers to the date on which the Kentucky Supreme Court issued its opinion and order affirming a defendant's conviction . . . under KY. R. CIV. P. 76.30(2)(a)." *Hatcher v. Valentine*, No. 1:20-CV-00062-GNS-HBB, 2020 U.S. Dist. LEXIS 250926, at *11 (W.D. Ky. Dec. 14, 2020) (citing *Giles v. Beckstrom*, 826 F.3d 321, 323–25 (6th Cir. 2016)). Here, 90 days after the Kentucky Supreme Court's December 2007 opinion ruling on Ferguson's post-conviction 11.42 motion was March 19, 2008. Under 28 U.S.C. § 2244(d)(2), Ferguson's one-year limitations period was tolled when he filed a timely collateral attack on his conviction, the motion to vacate (KY. R. CRIM. P. 11.42 motion for relief) filed in state court April 7, 2008. Ferguson's deadline to file a writ of writ of certiorari from the Kentucky Supreme Court opinion expired on March 20, 2008, 90 days following the Kentucky Supreme Court's opinion on his 11.42 motion. Thus, the period between March 20, 2008, the resolution of his direct appeal, and the filing of his 11.42 collateral attack on April 7, 2008—18 days—counts toward the statute of limitations period. The time for Ferguson to file the instant petition then remained tolled until the Kentucky Supreme Court weighed in on the 11.42 motion to vacate on August 29, 2019. *Reeves v. Campbell*, 708 F. App'x 230, 236 (6th Cir. 2017) (citing *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002)). Thus, considering the running of 18 days as provided by 28 U.S.C. § 2244(d)(2), Ferguson's deadline for filing his habeas petition was August 9, 2020. However, as August 9, 2020 fell on Sunday, the deadline to file a timely petition was Monday, August 10, 2020. As the record in this case reflects that his petition was filed on October 14, 2020, the Court must consider whether his time to file a timely petition was tolled.

**Equitable Tolling**

Under the AEDPA, the statute of limitations is subject to equitable tolling, which would allow the Court to "to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal citations omitted). However, equitable tolling is "applied sparingly" and is evaluated on a case-by-case basis, with the petitioner bearing the "ultimate burden of persuading the court that he . . . is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations and citations omitted). There are two requirements that a petitioner must meet to satisfy the burden: "First, the petitioner must establish that he has been pursuing his rights diligently[;] [a]nd second, the petitioner must show that some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (internal citations and quotations omitted). Thus, whether equitable tolling applies turns on whether Ferguson shows he has pursued his rights diligently and that extraordinary circumstances prevented the timely filing of his habeas petition.

First, it is apparent that Ferguson has diligently pursued the assertion of his rights. His diligence is evidenced by his pursuit of multiple types of post-conviction relief. For instance, Ferguson did not delay in directly appealing his conviction to the Kentucky Supreme Court when he timely filed his notice of appeal on April 19, 2006—about four months after the Lawrence County Circuit Court entered its judgment. After the Kentucky Supreme Court affirmed his conviction, and the time lapsed for Ferguson to file a writ of certiorari with the Supreme Court of the United States, Ferguson only waited 19 days to file his motion to vacate under KY. R. CRIM. P. 11.42. A district court in this Circuit specifically found that a petitioner had been diligent in the pursuit of his claims because his filings were not "exceptionally tardy." *Kimble v. Gansheimer*,

No. 4:08CV01048, 2009 U.S. Dist. LEXIS 113160, at *11 (N.D. Ohio Dec. 4, 2009) (habeas petition untimely by less than 30 days). By contrast, another district court determined a petitioner had failed to diligently pursue his rights when he delayed seeking post-conviction relief in both state and federal court. *Jones v. Gundy*, 100 F. Supp. 2d 485, 488 (W.D. Mich. 2000) (rejecting equitable tolling argument because petitioner waited six years before filing a motion for post-conviction relief). Moreover, the Sixth Circuit declined to apply equitable tolling where a petitioner took twelve years to file a habeas petition. *Cook v. Stegall*, 295 F.3d 517, 521 (2002).

Here, Ferguson clearly did not delay in seeking post-conviction relief in state court as he timely filed a direct appeal and his motion to vacate under KY. R. CRIM. P. 11.42. As for the delay in filing the instant § 2254 petition, Ferguson claims that he was diligent but, due to circumstances out of his control, his petition was not received by the Court until October 14, 2020. *See* [R. 1].

Ferguson's assertions regarding the mailing of his habeas petition invokes the second equitable tolling factor, whether extraordinary circumstances prevent Ferguson from timely filing his habeas petition. Ferguson claims that he mailed his habeas petition on July 28, 2020 and, due to a clerical error, it was returned to him on October 8, 2020. [R. 21 at pg. 1–2]. The clerical error, he states, arose from the Northpoint Training Center (NTC) library providing him an out-of-date informational packet regarding the filing of habeas corpus cases which contained the wrong filing address.[1] In sum, Ferguson alleges the following:

> After the mailing of Petitioner's habeas petition on July 28th, 2020[,] the packet was returned on October 8th, 2020. Petitioner was notified of legal mail . . . [and] went to [the] library for pick-up. . . . [A]fter [the] librarian opened item and [Petitioner]

---

[1] The address in the packet for the Eastern District is listed as the following:

Leslie G. Whitmer, Clerk
P.O. Drawer 3074
Lexington, KY 40588-3074

[R. 21-2 at pg. 2]. The Court notes that this address was once the correct address for the United States District Courthouse in Lexington, but not at the time Ferguson filed his petition.

Page **9** of **12**

> saw it was the habeas corpus petition filed 7-28-2020, . . . [Petitioner] advised [the] librarian that a problem existed[,] and he could not accept or touch the returned habeas or it would be dismissed.
>
> Further, Petitioner advised the [librarian] that he would return with a correctly addressed envelope and she would be required to possess the habeas corpus, place [it] in [the] envelope and send out immediately.  Petitioner also explained how it was the NTC faulty federal habeas packet that caused the problem.  The co[-]librarian understood and mailed the envelope free of charge.  The [librarian] then called for the master copy of [the] same and X-ed out the address and made a note on the [packet].
>
> . . .
>
> Petitioner states that Adams legal librarian provided the fraudulent address—copied from a master packet—[and] Adams provided the legal aide who further imputed: "I don't know if we are in the Eastern or Western district, but the address[es] are a catch-all and either clerk will direct the petition to the correct clerk of court."  It was written[—]it was spoken—like the bible—and placing faith in the words, Petitioner placed the petition in (NTC) legal mail system on July 28, 2020.

[R. 21 at pg. 1–2].  As exhibits to his motion, Ferguson provided a copy of two pages from the federal habeas petition packet he was allegedly given, revised in June 2011, which contains addresses for the Eastern and Western Districts of Kentucky that are "X-ed out."  In addition, Ferguson provided a copy of the envelope which contained his habeas petition.  [R. 21-2 at pg. 7].  The markings indicate that the packet was received by the NTC Library on July 28, 2020 (the date Ferguson alleges he mailed the petition), processed by NTC Library as legal mail on July 29, 2020, and again received by NTC Library on October 8, 2020 (the date Ferguson alleges the petition was returned to him).  The same envelope is stamped with "return to sender."  [*Id.*].

Taken together, Ferguson's motion and attached exhibits support the assertion that he indeed gave his petition to an NTC official for mailing on July 28, 2020.  "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts."  *Cook*, 295 at 521 (2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).  Given that the rationale behind the mailbox rule is, in part, that "pro se litigants should not be penalized for a prison's failure to act promptly on their behalf," *Cook*, 295 F.3d at 521, Ferguson

has satisfied his burden to demonstrate he is entitled to equitable tolling between July 28, 2020, and October 14, 2020. Accordingly, his petition shall be construed as timely filed and ripe for review on its merits.

### RECOMMENDATION

As Ferguson's petition does not allege that the Kentucky Supreme Court erred by either ruling on his motion to vacate contrary to state law, or that the Kentucky Supreme Court made unreasonable factual determinations, the undersigned finds that the § 2254 petition is without merit. For the reasons stated herein, and the Court being otherwise sufficiently advised,

**IT IS RECOMMENDED** that,

1. Ferguson's motion for an evidentiary hearing [R. 23] be **DENIED;**

2. Ferguson's petition for a Writ of Habeas Corpus [R. 1] be **DENIED**; and

3. Ferguson's motion for equitable tolling [R. 21] be **GRANTED.**

\*\*\* \*\*\* \*\*\* \*\*\*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed February 23, 2022.



**Signed By:**
*<u>Edward B. Atkins</u>*   *EBA*
**United States Magistrate Judge**