UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

| | | |
|---|---|---|
| ALGER FERGUSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. |
| | ) | 0:20-CV-127-JMH-EBA |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BRAD ADAMS, *Warden*, | ) | **and ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Report and Recommendation of Magistrate Judge Edward B. Atkins. (DE 27). Kentucky state prisoner Alger Ferguson, proceeding pro se, filed a motion pursuant to 28 U.S.C. § 2254. (DE 1). Judge Atkins conducted a review of his claims and recommended that Ferguson's motion be denied with prejudice upon full briefing. (DE 27).

As amended by AEDPA, Section 2254 "sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). In such cases, the petitioner carries the burden of proof. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (*per curiam*). The Section 2254 standard is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the

doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181.

A habeas petitioner may object to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If the petitioner properly objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been [] objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585–86 (6th Cir. 2005)).

In this case, the Court does not have any objections to consider. The Court received a handwritten "Notice" from Ferguson, postmarked March 1, 2022, notifying the Court of his *intention* "to file objections to the recommended disposition put forth by Magistrate Adkins[sic]." (DE 28). The same day, Ferguson filed a "Motion" requesting an "order tolling time for appeal rights under 28 U.S.C. 636(b)(1)." (DE 30). The Court construes Ferguson's motion as a motion for an extension of time to file objections. This is so, because Ferguson explains that:

> The Kentucky State Reformation is on a Fauci/ China COVID-19 lockdown, and all legal services and access to legal research

2

> materials is suspended while the institution
> goes about spreading the virus equitably.

(*Id.*). Ferguson does not state how much additional time is required.

Ordinarily, the Court will grant a request for an extension of time if it may be determined that good cause exists to warrant such an extension, and the request has been made before expiration of the deadline. However, in this case, the Court finds that no such good cause exists. In the Northern District of Texas, a district judge similarly declined to grant a § 2254 petitioner's extension of time under circumstances like this one here. *See Hunnicutt v. Director, TDCJ-CID*, Civil Case No. 3:20-CV-3375-L-BT, 2022 WL 48392, at *1 (N.D. Tex. Jan. 5, 2022). In *Hunnicutt*, where the petitioner had requested an additional thirty days to file objections to the Magistrate Judge's recommendation that his habeas petition be dismissed with prejudice, the district judge denied the request, expressly doubting his credibility.

> That Petitioner was able to file three motions
> or documents during the 14-day period for
> filing objections undermines his assertion
> that the current 'lock down' has impeded his
> ability to file objections to the Report
> within the time required.

*Id.* Here, too, the Court seriously doubts Ferguson's credibility.

Judge Atkins issued his recommendation on February 23, 2022. Approximately one week later, despite the alleged lockdown, the record reflects that Ferguson was nevertheless able to mail this

3

Court the following: a Notice stating his intention to file objections, a letter to the Clerk of Court requesting that certain documents be sent to him, and finally, the Motion for "Tolling Time" (DE 28, 29, & 30). The Court finds it difficult to believe that the "lockdown" of the KRS has somehow slowed or prevented Ferguson to make timely filings in this Court.

To this day, the Court has not received objections from Ferguson. Assuming, however, that Ferguson did file objections, the Court finds that any objections would be futile, as they would fail on the merits as a matter of law. Ferguson offers one sole claim in his § 2254 petition: that he received ineffective assistance of counsel "during every critical stage" of his criminal trial. (DE 1 at 5). In rejecting the claim, Judge Atkins weighed the evidence put forth by Ferguson vis-à-vis the procedural history in this case, and found that Ferguson could not overcome the burden of proving that deference is not owed to the Kentucky Supreme Court per § 2254(d). Upon review, the Court agrees with Judge Atkins' determination that Ferguson has failed to demonstrate that the state court adjudication has resulted in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). And thus, Ferguson has failed to prove that he is entitled to habeas relief.

4

For the above reasons, and finding no objections to consider, the Court adopts the Magistrate Judge's recommendation as its own. The Court further rejects Ferguson's request that an evidentiary hearing be held, as it would serve no purpose.

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) Magistrate Judge Atkin's Report and Recommendations regarding Alger Ferguson's motion under 28 U.S.C. § 2254 (DE 27) is **ACCEPTED** and **ADOPTED** in its entirety;

(2) Ferguson's Motion pursuant to 28 U.S.C. § 2254 (DE 1) is **DENIED WITH PREJUDICE;**

(3) Ferguson's Motion for Equitable Tolling (DE 21) is **GRANTED;**

(4) Ferguson's Motion for an Evidentiary Hearing (DE 23) is **DENIED;**

(5) Ferguson's Motion for Tolling Time of Appeal Rights (DE 30) is **DENIED;**

(6) **No certificate of appealability shall issue,** as Ferguson has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2);

(7) This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(8) A Judgment consistent with this Order shall be entered contemporaneously herewith.

This the 15th day of March, 2022.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge